Counsel rendered ineffective assistance in four material respects:

(1)    Counsel had an obligation to advise me that if the government deemed me to be testifying falsely in the Naumovski trial, I was at jeopardy of not just losing any possible USSG 5K1.1 benefit, but I could be held under § 3C1.1 of the Guidelines to have obstructed justice (adding two levels to my Total Offense Level and denying me a three-level reduction under § 3E1.1 of the Guidelines). Had counsel done so, I would have declined to testify and directed counsel to immediately make a record before this Court of my reason for not doing so, and I would not have lost five levels in my Total Offense Level.

(2)    Counsel had an obligation to me to prepare me to testify to the extent that my truthful testimony would not be contrary to my interests, including without limitation demanding production of the FBI-302 (which would have had to be produced to the defense under the Jencks Act) prior to my testimony. Had he done so, it is reasonably probable that I would have resolved any inconsistencies in my testimony resulting from misunderstanding or lack of recall of what I said six years previously to FBI agents or four and a half years before in debriefing, and I would not have been found to have testified falsely.

(3)    Counsel had a professional obligation to withdraw from representing me at sentencing in favor of testifying as a fact witness as to my testimony at the Naumovski trial and prior statements. Had he testified under oath, it is reasonably probable that the court would not have found that I had obstructed justice, I would have resolved any inconsistencies in my testimony resulting from misunderstanding or lack of recall of what I said six years previously to FBI agents or four and a half years before in debriefing, and I would not have been found to have testified falsely, and I would not have lost five levels in my Total Offense Level.

(4)     At sentencing, counsel had a professional obligation to investigate and advocate against the Probation Officer's and government's claim that I obstructed justice and should be denied credit for acceptance of responsibility. Adequate investigation would have revealed that my answers on cross-examination at the Naumovski trial were not false and that I was improperly denied access to my prior statements by the government. Counsel failed to raise these issues in his sentencing memorandum and thus was foreclosed from arguing them at the sentencing hearing.